UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE TEODORO DE MORAIS NETO, | CASE NO. 2:26-cv-01496-JHC |
| Petitioner, | ORDER |
| v. | |
| WARDEN, NORTHWEST ICE PROCESSING CENTER; FIELD OFFICE DIRECTOR, SEATTLE FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY; and ATTORNEY GENERAL OF THE UNITED STATES, | |
| Respondent. | |

This matter comes before the Court on Jose Teodoro De Morais Neto's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. *See* Dkt. # 4 (corrected petition); Dkt. # 1 (original petition). The Court has considered the materials filed in support of and in opposition to the petition, the rest of the file, and the applicable law. Being fully advised, for the reasons below, the Court DENIES the Petition.

Petitioner is detained at the Northwest ICE Processing Center under 8 U.S.C. § 1226(a), which provides for the discretionary detention of a noncitizen "pending a decision on whether

ORDER - 1

the [noncitizen] is to be removed from the United States." *See* Dkt. # 6 at 2–3. According to his A-File, he entered the United States on March 24, 2019, on a B2 visa, but then overstayed that visa. *See* Dkt. # 8-1 at 3. In February 2026, ICE detained Petitioner while he was in a Utah county jail, *see id.*, and transferred him to the NWIPC.

Petitioner argues that his detention violates due process. *See generally* Dkt. # 4. He says that he has been detained for over two months in immigration detention without a bond hearing or individualized custody determination. *Id.* at 12–13. He thus characterizes his detention as "indefinite" and violating his due process rights. *Id.* at 16 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). He also argues that he is detained under 8 U.S.C. § 1226(a), which requires a bond hearing. *Id.* at 30. In his reply brief, Petitioner asserts that he satisfies the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976). Rep. at 12–13. The government agrees with Petitioner that he is detained under 8 U.S.C. § 1226(a), but says that Petitioner chose to forgo a bond hearing and has not since sought one. *See* Dkt. # 6 at 8–9. The government otherwise denies that Petitioner's detention violates due process. *See generally id.*

The record here does not support Petitioner's request for habeas relief. The day Petitioner was detained, he was served a document charging him as removable under 8 U.S.C. § 1227(a)(1)(B). *See* Dkt. # 8-2. Removable noncitizens, like Petitioner, may be detained throughout removal proceedings without offending due process. *See Demore v. Kim*, 538 U.S. 510, 531 (2003). Thus, it cannot be said that Petitioner's detention lacks a "disclosed and adequately supported statutory basis." Dkt. # 4 at 4. Further, while noncitizens may not be indefinitely detained without at least providing them a bond hearing, Petitioner's detention cannot yet be considered indefinite since his detention has only been for six months. *See Zadvydas*, 533 U.S. at 701. And Petitioner has not alleged that he sought but was denied a bond hearing.

ORDER - 2

Turning to Petitioner's *Mathews* factors argument,[1] while the Court agrees that the first factor favors Petitioner, the Court finds that the second and third factors favor the government. The second factor considers whether the risk of an erroneous deprivation of a protected liberty interest would be decreased with additional procedural safeguards. *See Mathews*, 424 U.S. at 335. Petitioner bases his *Mathews* argument on the fact that he has not been provided with Portuguese-language documents, but he was provided with oral notice. Setting aside the fact that he raises this argument for the first time on reply, he cites no case in which a court held that the failure to provide documents in one's native language amounted to a due process violation; nor has this Court located any. And while he asserts that additional protections in a bond hearing would better comport with due process, the Ninth Circuit has rejected this argument. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions[.]"). The third *Mathews* factor, the government's own interests in the challenged process, favors the government. *See Wagafe v. Biden*, 764 F. Supp. 3d 980, 1022 (W.D. Wash. 2025) ("'The government interest in immigration enforcement in general is surely substantial.'") (citing *Zerezeghi v. USCIS*, 955 F.3d 802, 910 (9th Cir. 2020)); *see also Rodriguez Diaz*, 53 F.4th at 1208 (9th Cir. 2022) ("Taking the third *Mathews* factor next, the government clearly has a strong interest in preventing aliens from 'remain[ing] in the United States in violation of our law.'") (citing *Demore*, 538 U.S. at 518 (quotation modified)).

The remainder of Petitioner's arguments amount to an attack on the conditions of his confinement. *See* Dkt. # 4 at 5 (lamenting his "conditions of confinement). But such claims

---

[1] Under the *Mathews* test, determining whether a governmental action violates "the specific dictates of due process [ ] requires consideration of three distinct factors," including the affected private interest, the risk of an erroneous deprivation of that interest given procedural safeguards, and the government's own interests in the challenged process. *Matthews v. Eldridge*, 424 U.S. at 335.

ORDER - 3

cannot be brought in a habeas petition, since the remedy for conditions-of-confinement claims is not release but transfer to a different detention location. For a claim "alleging that the terms and conditions of [the petitioner's] incarceration constitute cruel and unusual punishment" and violate the petitioner's "right to due process," the "appropriate remedy for such constitutional violations, if proven, would be a judicially mandated change in conditions," not "release from confinement." *Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979); *see also Pinson v. Carvajal*, 69 F.4th 1059, 1064–65 (9th Cir. 2023) (same).

For the reasons above, the Court DENIES the petition. Dkt. # 4.

Dated this 26th day of May, 2026.

John H. Chun
United States District Judge

ORDER - 4